| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **Lauren S. Hurr**<br>**The Law Office of Lauren S. Hurr**<br>**19725 Sherman Way Suite 285**<br>**Winnetka, CA 91306**<br>**818-584-4377 Fax: 8183377304**<br>**253170**<br>☒ *Attorney for Debtor* | |

<table>
<tr><td colspan="2" style="text-align:center"><b>UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA</b></td><td>CASE NO.: <b>2:11-bk-34996-TD</b></td></tr>
<tr><td colspan="2">In re:</td><td>CHAPTER: <b>13</b></td></tr>
<tr><td colspan="2"><b>Jennifer Louise Morrison</b></td><td></td></tr>
<tr><td colspan="2" style="text-align:right">Debtor.</td><td>DATE: <b>10/20/2011</b><br>TIME: <b>10:00 AM</b><br>COURTROOM: <b>1352</b></td></tr>
</table>

## NOTICE OF MOTION FOR:

> **MOTION TO DETERMINE VALUE OF REAL PROPERTY & EXTINGUISH LIEN OF JP MORGAN CHASE BANK N.A. (2ND MORTGAGE)**

*(Specify name of Motion)*

1.    TO:  **The Honorable Judge Donovan, Chapter 13 Trustee and All Interested Parties:**

2.    NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3.    **Your rights may be affected.**   You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

| Hearing Date: 10/20/2011 | Time: 10:00 AM | Courtroom: 1352 | Floor: 13th |
|---|---|---|---|
| ☒    **255 East Temple Street, Los Angeles** | | ☐    **411 West Fourth Street, Santa Ana** | |
| ☐    **21041 Burbank Boulevard, Woodland Hills** | | ☐    **1415 State Street, Santa Barbara** | |
| ☐    **3420 Twelfth Street, Riverside** | | | |

4.    **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response with the Bankruptcy Court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5.    **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according the Judge's self-calendaring procedures.

Dated: **9/13/2011**

                                                                The Law Office of Lauren S. Hurr
                                                                *Law Firm Name*

                                                                By:   **/s/ Lauren S. Hurr**

                                                                Name:   **Lauren S. Hurr 253170**
                                                                          *Attorney for Movant*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                          **F 9013-1.1**

1   Lauren S Hurr
    **LAW OFFICES OF LAUREN S HURR**
2   19725 Sherman Way Suite 285
    Winnetka, California 91306
3   Phone Number 818-584-4377
    Facsimile 818-337-7304
4

5   Attorney for Debtor:
    Jennifer Louise Morrison
6

7

8                    UNITED STATE BANKRUPTCY COURT
9
                    CENTRAL DISTRICT OF CALIFORNIA
10
                     SAN FERNANDO VALLEY DIVISION
11

12

13

14   In re                          )  Case No.: 2:11-bk-34996-TD
                                     )
15   JENNIFER LOUISE MORRISON        )  Chapter 13
                                     )
16                                   )  **MOTION TO DETERMINE VALUE OF
     Debtors.                        )  REAL PROPERTY AND TO EXTINGUISH
17                                   )  LIEN OF THE SECOND MORTGAGE;
                                     )  MEMORANDUM OF POINTS AND
18                                   )  AUTHORITIES IN SUPPORT;
                                     )  DECLARATIONS OF DEBTOR AND REAL
19                                   )  ESTATE APPRAISAL IN SUPPORT
                                     )  THEREOF**
20   _____)

21        TO:   THE HONORABLE THOMAS B. DONOVAN, THE CHAPTER 13 TRUSTEE,
22   AND ALL INTERESTED PARTIES:
23
                                 FACTS
24
                                  I.
25
                             INTRODUCTION
26

27        The case was filed to save real property located at 5000 S.
28

                                - 1 -

Centinela Avenue #335, Los Angeles, CA 90066 (hereinafter "subject

property").   The subject property was purchased by JENNIFER

MORRISON (hereinafter "debtor") on or about June 23, 2006.  At the

time Debtor purchased her home for approximately $426,000.00 and

obtained a first mortgage in the amount of approximately

$340,080.00. On June 23, 2006 debtor secured a second mortgage in

the amount of approximately $85,200.00.

As of the date of filing, the Property is worth no more than

$275,000.00, based on a Uniform Residential Appraisal Report

certified by a licensed California real estate appraiser reflecting

the subject property's current value.   Attached hereto as **Exhibit**

**"F"** and incorporated herein by this reference is the appraisal

certified by Henry J. Leaason, a California Real Estate Appraiser,

of All Service Appraisers, to that effect.

The lien of the first deed of trust was originally loaned by

PLATINUM CAPITAL GROUP, (hereinafter "PLATINUM 1"), and is

currently  serviced by JP MORGAN CHASE BANK, N.A. (hereinafter

"CHASE 1").   The lien of the first deed of trust is at least

$363,047.71 (See **Exhibit "C"** attached to the Declaration of

Debtor).

The lien of the second deed of trust was also originally

loaned by PLATINUM CAPITAL GROUP (hereinafter "PLATINUM 2") and is

currently serviced by JP MORGAN CHASE BANK, N.A. (hereinafter

"CHASE 2").   The lien of the second deed of trust is at least

- 2 -

1  $86,362.64.  (See **Exhibit "D"** attached to the Declaration of

2  Debtor).

3                                II.

4                            <u>**AGRUMENT**</u>

5  **A.    A SECURED CLAIM IS SECURED ONLY TO THE EXTENT OF THE**
6
7  **VALUE OF THE COLLATERAL, AND UNALLOWED SECURED CLAIMS ARE VOID.**

8      <u>11 U.S.C. Section 506(a)</u> states that:

9      An allowed claim of a creditor secured by a lien on property

10     in which the estate has an interest, or that is subject to

11     setoff under section 553 of this title, is a secured claim to

12
13     the extent of the value of such creditor's interest in the

14     estate's interest in such property, or to the extent of the

15     amount subject to setoff, as the case may be, and is an

16     unsecured claim to the extent that the value of such

17     creditor's interest or the amount so subject to setoff is less

18     than the amount of such allowed claim.

19
20     In the instant case, the subject property is encumbered by the

21  first mortgage currently serviced by CHASE 1 in the amount of

22  $363,047.71 and a second mortgage serviced by CHASE 2 in the amount

23  of $86,362.64.  However, the value of such claim on the subject

24  property in which the estate has an interest is secured only to the

25  extent of the fair market value of the subject property, which is
26
27  approximately $275,000.00.

28     Thus, considering the amount of the secured claim of the first

                              - 3 -

mortgage, the second mortgage is <u>entirely</u> an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim.   11 U.S.C. Section 506(d) states that [T]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void. (emphasis added)

As indicated above, the claim of the second mortgage is **unsecured** to the extent that said lien secured a claim against the debtor is not an allowed claim and thus, must be avoided.


**B.   DEBTOR MAY REQUEST AND THE COURT MAY ENTER AN ORDER THAT COLLATERAL WHICH IS PROPERTY OF THE BANKRUPTCY ESTATE AND WHICH SECURED A CLAIM OF A CREDITOR AGAINST THE DEBTOR BY WAY OF A MOTION AFTER NOTICED HEARING**

Bankruptcy Rule 3012 states that the court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party and after a noticed hearing. *In re Millspaugh*, 302 B.R. 90; 2003 Bankr., the court concluded that,"..the attempt to strip off wholly unsecured liens may occur through a Rule 3012 valuation motion and does not require an adversary proceeding.   Such a motion may be subjoined with a plan brought on for confirmation, or it may be separately asserted and prosecuted."   The *Millspaugh* decision also reasoned that, "Though such motion may be pursued independently of a plan's confirmation,

a plan must comply with Section 1325(a)(5) as to any secured

creditor.  Thus, the issue of strip off would likely be resolved

prior to or contemporaneously with confirmation."  Here, the debtor

requests this honorable court to consider by and through the

instant motion, rather than by adversary proceeding, the Uniform

Residential Appraisal Report submitted by real estate appraiser,

Henry J Leason, of All Service Appraisers attached hereto in

determining the value of the collateral which is property of the

bankruptcy estate which secures a claim of creditor CHASE 2 against

debtor.  As explained in the *Millspaugh* case:

> "It is important to recognize, as the majority and better
>
> reasoned cases do, that stripping off a lien simply a result
>
> that flows under Section 506(d) from the valuation of the
>
> alleged unsecured mortgage.  Valuation is a contested matter
>
> imitated by motion pursuant to Rule 3012.  As noted
>
> previously, this District's model chapter 13 plan acknowledges
>
> a debtor's ability to raise and resolve certain "related
>
> motions" in the confirmation process.  Indeed, that model plan
>
> contemplates that valuation decisions will be made under Rule
>
> 3012 as to any secured creditor that may have a lien valued
>
> under Section 506(a)."

C.    THE LIEN SHOULD BE EXTINGUISHED AND RECONVEYED SINCE THE

PROPERTY IS WORTH $275,000.00 OR LESS, AND THE FIRST DEED OF TRUST

IS $363,047.71.

The prevailing case law in our jurisdiction holds that Chapter 13 debtors are entitled to "strip off" totally unsecured junior mortgages on a principle residence where the claims of the junior lienholders are unsecured given that the value of the principle residence is less than the balance owed on the first mortgage. *In re Lam*, 211 B.R. 36 (9th Cir. B.A.P. 1997). In Lam, the court held a Debtor's completely unsecured junior mortgage could be stripped off his principle residence, holding that:

The *Nobleman* decision holding that Section 1322(b)(2)bars a Chapter 13 plan from modifying the right of holders of claims, secured only by the debtor's principle residence, does not apply to holders of totally unsecured claims. The extension of the protections of Section 1322(b) to wholly unsecured lien holders is contrary to the provisions of the bankruptcy code allowing dischargeability of unsecured claims.

*In re Lam* following the earlier decision of *In re Geyer*, 203 B.R. 726 (S.D. Cal 1996). In *Geyer*, the court sustained the Debtor's motion to avoid a lien under Bankruptcy Code Section 506(d), and held that a Chapter 13 debtor may strip off a lien on his or her primary residence when the lienholder's interest is totally unsecured, stating that:

"…the term "secured claim" as used in Section 1322 (b)(2) has the same meaning as the term "secured claim" in Section

- 6 -

506(a).  Unless there is some equity to which the creditor's

lien attaches, there is no allowed secured claim and no

entitlement to the protection against modification contained

in section 1322(b)(2).  A Chapter 13 debtor may "strip-off" a

lien on his or her primary residence under the plan or under

section 506(d) when the lienholder's interest is totally

unsecured."

*In re Geyer*, 203 B.R. 726 (S.D. Cal 1996).

Indeed, courts throughout the country agree that the decision

of the United States Supreme Court in *Nobleman v. American Savings*

*Bank*, 508 U.S. 324 S.Ct. 2106, 124 L.Ed 228 (June 1, 1993) which

prohibits a creditor's claim on residential real property from

being bifurcated into secured and unsecured portions and the

creditor's rights under the unsecured portions from being modified

does not prohibit a Chapter 13 debtor from stripping off a totally

unsecured mortgage on a principle residence.  In re, supra; In re

Geyere, 203 B.R. 726; *Woodhouse v. Woodhouse*, 172 B.R. 1 (D. Rhode

Island, 1984); *In re Sette*, 164 B.R. 453, 456 (Bankr. E.D.N.Y.

1994); *In Re Williams*, 161 B.R. 27 (Bankr. E.D.Ky. 1993); *In re*

*Moncrief*, 163 B.R. 492 (Bankr.E.D.Ky. 41993) In re Hornes, 160 B.R.

709 (Bankr. D.Conn.1993); *In re Plouffe*, 157 B.R. 198 (Bankr.

D.Conn. 1993)(a literal reading of Section 1322(b)(2) does exclude

a mortgage whose secured interest is zero).

In the case at bar, the property to be retained in the Chapter

- 7 -

13 Plan is Debtor's residential real property.  The appraised value

of the property is $275,000.00, yet the value of the First Deed of

Trust is a least $363,047.71.  Thus, the secured interest of the

Second Deed of Trust is **zero** since there is absolutely no equity to

which the Second Deed of Trust attaches.  Therefore, the Second

Deed of Trust should be extinguished and treated as unsecured for

purposes of the instant Chapter 13 proceedings.


  D.   <u>IN RE DEWSNUP</u> IN DISTINGUISHED FROM LIEN STRIPPING IN THE

INSTANT CASE

  The Chapter 7 case of *Dewsnup v Timm*, 502 U.S. 410, 112

S.Ct.7723, 116 L.Ed.2d 903(1992) has no application to this Chapter

13 case.  The relevant cases are the interpretations of Section

1322(b)(2) of the Bankruptcy Case to mean that under Section 1322

(b)(2) a Chapter 13 plan may modify the rights of secured claims,

other than a claim **secured** only by security interest in real

property that is the debtor's principle residence, and that this

section, in light of Section 506(a), does not preclude modification

by a Chapter 13 plan of the rights of holders of unsecured claims;

to wit, junior mortgages which are completely unsecured.

  To this end, Justice Scalia, in his dissent in Dewsnup, points

out the difference between lien stripping in that Chapter 7 case

and lien stripping in a Chapter 13 case when he states that:

  Respondent assumes, for example that a debtor in a Chapter 13

cannot strip down a mortgage placed on the debtor's home; but

that assumption may beg the very question the Court answers

today.   True, Section 1322(b)(2) provides that Chapter 13

filers may not "modify the rights of secured claims," that are

"secured only by a security interest in real property that is

the debtor's principle residence."   But this can be and has

been read, in light of Section 506(a), to prohibit

modification of the mortgagee's rights only with respect to

the question of his claim that is deemed secured under the

Code.   See, e.g., *In re Hart* 923 F.2d 1410(CA 10 1991); *Wilson*

*v Commonwealth Mortgage Corp.*, 895 F.2d 123, 127 (CA 3 1990)."

*Dewsnup*, 502 U.S. 410, 428, 112 S.Ct. 773, 784.

*In Denver v Internal Revenue Services*, 164 B.R. 132 (C.D.Cal.

1994), Judge Lisa Fenning held that in spite of Dewsnup, Chapter 7

debtor cannot use Section 506 to strip down liens on an under-

secured claim, the Supreme Court specifically reserved the question

as to the applicability of its ruling in Dewsnup to cases under the

reorganization chapter. 164 B.R. 132, 133.   *In Denver*, the Court

discussed the issue of lien stripping in Chapter 13 cases and cited

the 10th Circuit case of In re Hart wherein the Court reasoned:

"The dispositive issue in this case is whether Eastland's

under-secured loan m ay be bifurcated into two claims by

applying principles of Section 506(a) to the mortgage and then

protecting only the secured claim by provision of Section

1322(b).  We believe it can.  923 F.2d 1410 (10th Cir 1991)."
After citing *Hart*, the Court went on to state that:

> In Section 506 does not permit debtors to bifurcate under-
> secured claims and strip down liens to their collateral value,
> then all secured creditors would be freed of any concern that
> debtors could reduce the amount of their liens while retaining
> property.  If Congress did not intend to allow lien stripping
> in general in Chapter 13 cases, then why would it bother to
> draft the exclusionary language of Section 1322.  As Justice
> Stevens' concurring opinion in Nobleman emphasizes, the
> legislative history of Section 1322(b)(2) reflects
> Congressional desire to provide special protections to
> residential lenders.  (citation omitted)  The treat must be
> lien stripping, because no other threat is evident.

*Dever v. Internal Revenue Service*, 164 B.R. at 141.

While the question as to whether the Debtor may "strip off" the
instant wholly unsecured lien of the Second Deed of Trust
notwithstanding the language of Section 1322(b)(2) that prohibits
modifying the rights of holders of security interest in Debtor's
principle residence has been long subject to debate, it was
conclusively resolved in favor of the debtor by the Ninth Circuit
in *Zimmer v PSB Lending Corp. (In re Zimmer)*, 313 F.3d 1220 (9th Cir
2002).  See also *Lam v. Investors Thrift (In re Lam)*, 211 B.R. 36
(9th Cir BAP 1997), appeal dismissed, 1992 F.3d 1309 (9th Cir. 1990).

See also, *In re Samala*, 295 B.R. 380,381 (Bankr. D.N.M. 203)(noting

the majority of courts, including all circuit courts and bankruptcy

appellate panels considering the issue have concluded Section

1322(b)(2) does not apply to wholly unsecured creditors); *In re*

*Callander*, 263 B.R. 567-70 (Bankr. E.S.D. Ohio 2001) (surveying

cases); *In re German*, 258 B.R. 468, 469-70 (Bankr. E.D. Okla.

2001)(same); 4 L. King Collier on Bankruptcy P 506.03[7][c][iii],

pp. 506-75 to 506-76 (rev. 15th ed. 1999) (hereinafter "Collier")

(stating "most courts" have concluded that a wholly unsecured

interest may be stripped off in Chapter 13 consistent with *Nobleman*

*v American Sav. Bank*, 508 U.S. 324, 124 L.Ed.2d 228, 113 S.Ct.

2106(1993)); 8 Collier P 1322.06[1][a], at 1322-21 to 1322-22

(noting several courts so holding, including Zimmer and Lam and

cases from the Second, Fifth, Sixth, and Eleventh Circuits and the

First Circuit BAP).  If a debtor can show that the putatively

secured interest of the residential creditor is in fact totally

unsecured, the debtor has the ability to strip off the lien.

Though *Lam*'s analysis was adopted by several courts within the

Circuit, BAP decisions are generally viewed as lacking binding

effect. See, e.g., *Zimmer*, 313 F.3d at 1225; *In re DeBoer*, 99.3

I.B.C.R. 101, 103, 1999 WL 33486710 (Bankr.D Idaho 1999).  This

left the "strip off" question in flux until *Zimmer*.  *Zimmer and Lam*

concluded that *Nobleman*, which held that Section 1322(b)(2) barred

a debtor's attempt to "strip down" an unsecured residential

security interest, did not apply to holders of totally unsecured claims, thus validating a "strip off" of such security interest. See F.3d at 1223-27; 211 B.R. at 40-41.

### III.

### CONCLUSION

Based on the foregoing, it is respectfully requested that the Court determine the present value of the real property at $275,000.00, that the Second Deed of Trust held by CHASE 2 be ordered extinguished, and deemed a general unsecured claim for the purposes of the instant Chapter 13 Plan.


DATED: **9/13/2011**                    LAW OFFICES OF LAUREN S HURR


                                        By: **/s/ Lauren S Hurr**
                                        LAUREN S HURR
                                        Attorney for Debtors

- 12 -

## DECLARATION OF DEBTOR

### JENNIFER LOUISE MORRISON

### IN SUPPORT OF MOTION TO AVOID LIEN

I, JENNIFER LOUISE MORRISON, the debtor do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a  witness I could and would competently testify to the truthfulness of all of the below statements.

1.  I am the Debtor in the instant bankruptcy proceeding, filed on June 9, 2011, Case No. 2:10-bk-34996-TD.

2.  I am the owner of real property located at 5000 Centinela Avenue #335, Los Angeles, CA 90066 (hereinafter, the "Property").

3.  I purchased the Property on or about June 23, 2006.  A true and correct copy of the Grant Deed evidencing my ownership is attached hereto as **Exhibit "A"**.

4.  My first mortgage on the property is held by JP MORGAN CHASE BANK N.A. (hereinafter "CHASE1").  A true and correct copy of the First Deed of Trust is attached hereto as **Exhibit "B"**.

5.  I am informed and believe the amount I currently owe on the first mortgage is approximately $363,047.71 based upon the Proof of Claim filed by the lender. A true and correct copy of the Proof of Claim is attached hereto as

Exhibit "C".

6.      The second mortgage on the property is currently held by

JP MORGAN CHASE BANK N.A. (hereinafter "CHASE2").    A true

and correct copy of the Second Deed of Trust is attached

hereto as **Exhibit "D"**.

7.      I believe the amount I owe CHASE2 is approximately

$86,362.64.    A true and correct copy of the Proof of

Claim filed by the lender is attached hereto as **Exhibit**

**"E"**.

I declare under penalty of perjury that the foregoing is true

and correct.


Dated:      9/13/2011          __/s/ Jennifer Louise Morrison__
                               JENNIFER LOUISE MORRISON, Debtor

**DECLARATION OF HENRY J LEASON**

**IN SUPPORT OF VALUATION OF REAL PROPERTY**

**BANKRUPTCY CASE NO. 2:11-BK-34996-TD**

I, HENRY J LEASON, do hereby declare:

1.  I am a real estate appraiser, State of California License No. AG010797. I make this declaration based on my own personal knowledge, my education, my training and experience in the field of real estate appraisal.

2.  I have held a California Real Estate Appraiser License since approximately 2009 and have been doing residential real estate appraisals since 2009. I am actively employed as a real estate appraiser.

3.  On August 31, 2011 I was retained by Jennifer Louise Morrison to examine and appraise a condominium residence located at 5000 South Centinela Avenue #335, Los Angeles, CA 90066 (the "Property"). Attached as Exhibit "F" is a true and correct copy of the Appraisal of Real Property report I prepared with respect to the Property.

4.  In determining the fair market value of the Property, I used both the sales comparison approach and the cost approach, with the greater weight being given to the sales comparison approach. I consider the sales comparison approach to be the most reliable in determining fair market value because it more accurately stimulates buyer's perceptions and actions.

5.  Based upon my observations, inspection of the subject property, the market research as well as my training and education, it is my professional opinion that the Property has a fair market value of $275,000.00 as of August 31, 2011.

- 1 -

6.    I have no present or contemplated future interest in the Property. Neither my employment nor my compensation for the appraisal is contingent on the value found. I have no familial or personal relationship with Jennifer Louise Morrison other than the preparation of this appraisal.

I declare under penalty of perjury under that the foregoing is true and correct and that this declaration is executed this 13th day of September, 2011 in Winnetka, California.

/s/ Henry J Leason

HENRY J LEASON

Notice of Motion (with Hearing) - *Page 2*

| In re<br>**Jennifer Louise Morrison**<br><br>Debtor(s). | CHAPTER: **13**<br><br>CASE NO.: **2:11-bk-34996-TD** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.  Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**19725 Sherman Way Suite 285**
**Winnetka, CA 91306**

A true and correct copy of the foregoing document described as ___**Notice of Motion (with Hearing)**___ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:
**Judge's Chambers**
**255 E Temple Street**
**Suite 1352**
**Roybal Bldg**
**Los Angeles, CA 90012**

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On __**9/13/2011**__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
**United States Trustee (LA)**      ustpregion16.la.ecf@usdoj.gov
**Kathy A Dockery (TR)**        efiling@CH13LA.com

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On __**9/13/2011**__, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **9/13/2011** | **Lauren S. Hurr** | /s/ Lauren S. Hurr |
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                          **F 9013-1.1**

<u>Aditional Notices:</u>

Jennifer Louise Morrison
5000 Centinela Avenue #335
Los Angeles, CA 90066


**JP Morgan Chase Bank N.A.**
**c/o Officer or Authorized Agent**
Attn: OH4-7302
3415 Vision Drive
Columbus, OH 43219

**JP Morgan Chase Bank N.A.**
**c/o Officer or Authorized Agent**
Attn: OH4-7302
3415 Vision Drive
Columbus, OH 43219

- 15 -